UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                           |
                                           |
BROWN BARK I, L.P.,                        |   Case No. 1:09-cv-572
                                           |
    Plaintiff,                             |
                                           |   HONORABLE PAUL L. MALONEY
    v.                                     |
                                           |
TRAVERSE CITY LIGHT & POWER DEPARTMENT,    |
                                           |
    Defendant.                             |
                                           |
_____

## OPINION AND ORDER
"*Brown Bark 2*"

**Denying without Prejudice the Plaintiff's Motion for Partial Reconsideration;
Directing Parties to Confer Regarding Modification of Remedy Portion of *Brown Bark 1***

For the factual background and procedural history of this controversy, the court refers to *Brown Bark I, LP v. Traverse City Light & Power Dep't*, No. 1:09-cv-572 Doc ____, 2010 WL 3470182, *1-6, – F. Supp.2d –, – (W.D. Mich. Sept. 07, 2010) (Maloney, C.J.) ("*Brown Bark 1*"). This court first denied defendant Traverse City Light and Power Department ("TCLP")'s motion to dismiss the complaint for lack of jurisdiction under the Tax Injunction Act of 1937, 28 U.S.C. § 1341 as amended ("TIA"), determining that the charges it seeks to collect from plaintiff BBI are not "taxes." *Brown Bark 1*, – F. Supp.2d at –, 2010 WL 3470182 at *7-14. Second, the court declined to consider additional belatedly asserted bases for dismissal, such as divestment of jurisdiction by the Johnson Act (28 U.S.C. § 1342). *Id.*, – F. Supp.2d at –, 2010 WL 3470182 at *14-15. On the

merits, the court held that defendant TCLP's "lien against the Brewery Creek property arose by operation of law [MICH. COMP. LAWS § 141.121(3) (Revenue Bonding Act) and the municipal implementing ordinance] . . . without any need to rely on any private contract or other written undertaking, and without the need to file a lien." *Id.*, – F. Supp.2d at –, 2010 WL 3470182 at *18. The court next held that

> the existence and enforceability of TCL&P's lien in no way depends on whether the unpaid Lighting Agreement charges are a "tax" for purposes of the TIA or otherwise. Michigan statute clearly provides that public-utility charges delinquent for more than six months are to be *treated like* unpaid taxes.
>
> [T]o ascertain the "manner provided for collection of taxes assessed upon the roll", which applies to unpaid government-utility charges just like unpaid property taxes, the court must consult Michigan statutes other than the Revenue Bonding Act. Upon doing so, the court determines that Michigan's General Property Tax Act, MICH. COMP. LAWS § 211.55 *et seq.*, conclusively supports TCL&P's position. MICH. COMP. LAWS § 211.60a(4) provides as follows:
>
>> The people of this state have a valid lien on property returned for delinquent taxes, with rights to enforce the lien as a preferred or first claim on the property. The right to enforce the lien is the *prima facie* right of this state and shall not be set aside or annulled except in the manner and for the causes specified in this act.
>
> Because the Revenue Bond Act (MICH. COMP. LAWS § 141.121(3)) treats delinquent government-utility charges the same as delinquent property taxes for purposes of lien priority and collection, the General Property Tax Act (MICH. COMP. LAWS § 211.60a(4)) made TCL&P's automatic lien the "preferred or first claim" against the Brewery Creek property. That means that TCL&P's delinquent-charges lien was *never* junior to the Republic/BBI mortgage lien in the first place. Accordingly, by statute, the foreclosure sale of the Brewery Creek property pursuant to the mortgage lien could not have extinguished TCL&P's superior, senior interest in that property.

*Id.*, – F. Supp.2d at –, 2010 WL 3470182 at *18-19 (footnote omitted). Fourth, the court rejected plaintiff BBI's assertion that the unpaid Lighting Agreement charges are not the type of charges which the Michigan Revenue Bond Act (specifically MICH. COMP. LAWS § 141.121(3)) treats as equivalent to unpaid taxes for the purposes of lien and collection. *Id.*, – F. Supp.2d at –, 2010 WL

3470182 at *19-21.  The court concluded as follows:

> For all these reasons, not only electric-transmission charges, but *all* the charges which TCL&P and its predecessor-in-interest incurred pursuant to the Lighting Agreement are subject to the lien created by MICH. COMP. LAWS § 141.121(3) and Traverse City's implementing ordinance.  Under MICH. COMP. LAWS § 141.121(3), that lien arose by operation of law as soon as a particular charge was incurred, and a lien in the amount of each charge became certifiable to the tax assessor when that charge went unpaid for six months.
>
> Under MICH. COMP. LAWS § 211.60a(4), the utility-charge lien was and is the "first and preferred claim" on the Brewery Creek property, taking precedence over the Republic/BBI mortgage lien.
>
> In short, BBI is not entitled to declaratory or any other relief, and TCL&P is entitled to collect all delinquent Lighting Agreement charges as if they were delinquent property taxes.

*Id.*, – F. Supp.2d at –, 2010 WL 3470182 at *21 (footnotes omitted) (¶ breaks added).  Accordingly, the court granted summary judgment to defendant TCLP on all three counts and on its counterclaim and issued a corresponding declaration of Michigan law.  *Id.,* – F. Supp.2d at –, 2010 WL 3470182 at *21-22.  The court directed the parties as follows:

> No later than Thursday, September 30, 2010, the parties shall confer and jointly file a statement of agreed-upon damages, pre-judgment interest, and post-judgment interest which the plaintiff owes to the defendant through and including Friday, October 1, 2010.

*Id.* at *22 (capitalization and boldface omitted).

On September 24, 2010, defendant TCLP filed a timely motion for partial reconsideration. TCLP does not challenge the court's jurisdictional and liability rulings.  Rather, TCLP contends only that it is not appropriate to award damages.  TCLP argues as follows:

> The court ruled, *inter alia*: (I) TCL&P may invoke the provisions of the Michigan Revenue Bond Act of 1933 (the "RBA") to collect amounts owed under the outdoor lighting contract at issue in this action and (ii) judgment should be entered in favor of TCL&P and against BBI for the unpaid balance owed under the foregoing contract.  The Court ordered the parties to submit a joint statement of the damages

to be awarded.

\* \* \* The Court's rulings as stated in the Opinion and Order do not support granting that relief. Given the Court's holding that the RBA applies, then TCL&P's remedy under the RBA is to have the charges it claims placed on the tax rolls, billed as real property taxes and enforced as a lien for such taxes. TCL&P's motion papers expressly state that is the procedure to be followed, and the Opinion and Order clears the way for TCL&P to do so. There is no basis for allowing TCL&P to bypass the statutorily prescribed remedy and be awarded further relief in the form of a monetary judgment.

\* \* \*

The Court's determination to award damages is presumably based upon its conclusion that the RBA allows t[he] TCL&P to enforce the outdoor lighting contract through a tax lien. However, entry of a monetary judgment against BBI does not follow from that conclusion. Under MCL 141.121(3), the statutory remedy available to TCL&P is that the unpaid charges "may be certified annually to the proper tax assessing officer or agency who shall enter the lien on the next tax roll against the premises to which the services had been rendered." The RBA further provides that the charges "*shall* be collected and the lien shall be enforced in the same manner provided for the collection of taxes assessed upon the roll and the enforcement of the lien for the taxes." *Id.* (Emphasis supplied).

TCL&P's motion . . . does not seek damages under the RBA, and expressly acknowledges that TCL&P's remedy lies under the tax collection procedures. Paragraphs 5 and 6 of that motion state:

> 5. Pursuant to M.C.L. 141.121(3), Traverse City is entitled to have the delinquent charges "collected and the lien enforced in the same manner provided for the collection of taxes assessed upon the roll and the enforcement of a lien for the taxes."
>
> \* \* \*
>
> 6. There is no dispute that payment for these services is . . . delinquent and that Traverse City has initiated or intends to initiate statutory steps to protect its right to payment for those serv[ic]es through the utilization of the tax collection process.

The taxing authority in this case is Elmwood Township, where BBI's property is located. To date, the charges have not been entered upon the tax roll of Elmwood Township. If and when that happens, and if the charges are not paid, then TCL&P may proceed "in the same manner provided for the collection of taxes assessed upon the roll" (e.g. [sic, should be i.e.] foreclosing its tax lien). At this point, granting relief in the form of a judgment which TCL&P did not even request is unwarranted.

Plaintiff BBI's Mot. for Partial Reconsideration (Doc 32) at 2-4 (some internal alterations omitted

and punctuation errors corrected).

**The court will not entertain plaintiff BBI's reconsideration motion at this time, however, because it fails to describe the efforts that BBI's counsel made, if any, to obtain the concurrence of TCL&P's counsel before filing the motion.** W.D. MICH. LCIVR 7.1(d), entitled Attempt to Obtain Concurrence, provides:

> *With respect to all motions, the moving party shall ascertain whether the motion shall be opposed.* In addition, in the case of all discovery motions . . . . *All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule.*

Emphasis added. "The importance of the communication required by this rule . . . cannot be overstated." *ECM Converting Co. v. Corrugated Supplies Co., LLC*, 2009 WL 385549, *2 (W.D. Mich. Feb. 13, 2009) (quoting *Woodhull v. Kent Cty.*, 2006 WL 708662, *1 (W.D. Mich. Mar. 21, 2006) (Wendell Miles, Sr. J.)).

"This simple rule, which should be easy to comprehend and follow, is often ignored." *Paro v. Weber & Olcese, P.L.C.*, 2010 WL 3001336, *1 (W.D. Mich. June 29, 2010) (Maloney, C.J.). "The remedy for failure to seek concurrence under the Local Rule 7.1(d) is denial of the motion without prejudice . . . ." *Piers v. Higgs*, 2009 WL 210997, *2 (W.D. Mich. Jan. 27, 2009) (Maloney, C.J.) (citing *Yetman v. CSX Transp., Inc.*, 2009 WL 35351, *1 (W.D. Mich. Jan. 6, 2009) (Maloney, C.J.)). *See, e.g., Aslani v. Sparrow Health Sys.*, 2008 WL 4642617 (W.D. Mich. Oct. 20, 2008) (Maloney, C.J.) (denying motion without prejudice for failure to comply with LCivR 7.1(d)); *Kim v. USDOL*, 2007 WL 4284893, *1 (W.D. Mich. Dec. 4, 2007) (Brenneman, M.J.) ("[T]he court properly denied plaintiff's motion for judgment on the pleadings because he failed to seek

concurrence under the local court rule, W.D. MICH. LCIVR 7.1(d) . . . .").[1]  *Accord Zahuranec v. Valley Packaging Indus., Inc.*, 2009 WL 4927732, *2 (E.D. Wis. Dec. 14, 2009) (Griesbach, J.) ("Zahuranec has again failed to comply with the local rules, as his motion does not indicate that he has consulted with opposing counsel on the matter.  Because he has failed to comply with the local rules, Zahuranec's motion to compel is denied.") (citing E.D. WIS. LCIVR 13.1); *Belue v. Aegon USA, Inc.*, 2009 WL 3757468, *2 (D.S.C. Nov. 6, 2009) ("Plaintiff did not consult with opposing counsel before filing any of these motions . . . . * * *  's violation of this Court's Rules, standing alone, is enough for this Court to deny Plaintiffs' motions . . . .") (citing D.S.C. LCIVR 7.02).

Counsel is also advised that failing to afford the opposing party a reasonable period of time to respond to the concurrence request may not constitute compliance with the rule.  *Cf., e.g., Powers v. Thomas M. Cooley Law School*, 2006 WL 2711512, *3 (W.D. Mich. Sept. 27, 2006), where Magistrate Judge Scoville emphatically admonished a party for failing to follow another provision

---

[1]

*Cf. Weiss v. Kempthorne*, 2009 WL 2095997, *4 n.5 (W.D. Mich. July 13, 2009) (Bell, J.) ("Having inserted this request into their objections . . . , the Court is also concerned about its procedural propriety.  It is not clear to the Court that . . . Plaintiffs have complied with the local rules regarding motion practice, such as attempting to obtain concurrence from opposing counsel . . . .");

*Molinares v. Limon*, 2009 WL 1542896, *1 n.2 (W.D. Mich. June 2, 2009) (Jonker, J.) ("Defendant requested leave to file a reply to one of Plaintiff's responses, but Defendant's motion failed to comply with Local Rule 7.1(d) because he did not indicate whether Plaintiff would oppose the motion.  * * *  Accordingly, the Court will deny the motion.");

*Simmons v. Johnston*, 2008 WL 5382336, *1 (W.D. Mich. Dec. 22, 2008) (Brenneman, M.J.) ("The motion to modify the CMO is defective because plaintiff failed to submit a brief in support thereof . . . and because there is no evidence that plaintiff made any attempt to ascertain whether his motion would be opposed.");

*Silver v. Giles*, 2007 WL 2219355, *1 n.1 (W.D. Mich. July 27, 2007) (Miles, J.) ("In addition to failing to supply a supporting brief, plaintiff's motion failed to contain the affirmative statement of attempt to obtain concurrence required by Local Rule 7.1(d).  Plaintiff is hereby notified that any future motions filed without full compliance with these requirements will be stricken.").

of this same local rule:

> The court notes at the outset the perfunctory and insouciant effort by plaintiff's counsel to comply with the mandatory requirements of Rule 37(a) and the Local Rules of this court. * * * The Local Rules of this court specifically require that in the case of discovery motions, counsel "shall confer in person or by telephone in a good-faith effort to resolve each specific discovery dispute."
>
> Plaintiff's motion indicates that on September 18, 2006, plaintiff's counsel sent defense counsel a fax concerning the proposed motion. At 2:34 p.m. on the same day, plaintiff's counsel called the office of defense counsel and was informed that defense counsel was not in the office. Plaintiff left a voicemail and then filed his motion without speaking to defense counsel. According to the court's CM/ECF system, the motion was filed at 4:23 p.m. the same day.
>
> Plaintiff's counsel therefore allowed defense counsel less than one business day in which to react to the issue, clearly an unreasonable time. Plaintiff's counsel has displayed impatience and not a "good-faith effort to resolve each specific discovery dispute", as required by this court's local rules. This failure, in and of itself, is grounds for denial of the motion and imposition of sanctions.

*Id.* at *3 (record citations omitted, paragraph breaks added). Consultation may have been especially helpful in this case, because this may be the uncommon case where opposing counsel would have concurred in the relief sought.

## ORDER

**Plaintiff's motion for partial reconsideration [doc # 32] is DENIED without prejudice** for failure to comply with W.D. MICH. LCIVR 7.1(d). *See Griffin v. Reznick*, 2009 WL 5110528, *6 (W.D. Mich. Dec. 2, 2008) ("It is true that 'failure to follow Local Rule 7.1(d) provides a sufficient basis in itself to deny a motion . . . .'") (Maloney, C.J.) (quoting *Krygoski Const. Co., Inc. v. City of Menominee*, 2006 WL 2092412, *2 (W.D. Mich. July 26, 2006) (Edgar, J.)).

**If the parties reach agreement, they SHALL JOINTLY FILE, no later than Friday,**

**November 5, 2010**, a proposed order amending the remedy portion of *Brown Bark I, LP v. Traverse City Light & Power Dep't*, No. 1:09-cv-572 Doc ____, 2010 WL 3470182, – F. Supp.2d – (W.D. Mich. Sept. 07, 2010) (Maloney, C.J.) ("*Brown Bark 1*").

**If the parties do not reach agreement, PLAINTIFF MAY FILE, no later than Monday, November 8, 2010**, a renewed motion for partial reconsideration which complies with our Rules.

"This is <u>not</u> a final and immediately-appealable order, because the court has not yet entered judgment for a sum certain."  *Metro. Hospital, Inc. v. HHS*, 702 F. Supp.2d 808, 826 (W.D. Mich. 2010) (Maloney, C.J.); *see Morgan v. Union Metal Mfg.*, 757 F.2d 792, 795 (6th Cir. 1985) (noting "the longstanding rule that a determination as to liability, prior to a determination on the issue of damages or other relief requested, is not a final appealable judgment.").

**IT IS SO ORDERED** on this 4th day of October 2010.

/s/ Paul L. Maloney
Honorable  Paul L. Maloney
Chief United States District Judge